IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID K. PETERSEN,

    Plaintiff,

v

    Case NO.
    Hon.

JACOB LAW GROUP, PLLC also d/b/a
JACOB COLLECTION GROUP and
MICHAEL A. JACOB

    Defendant.

_____/

LAW OFFICES OF BRIAN P. PARKER, PC
Brian P. Parker (P48617)
Attorney for Plaintiff
30600 Telegraph Rd., Ste. 1350
Bingham Farms, MI 48025
Tel: (248) 642-6268
Fax: (248) 642-8875
brianparker@collectionstopper.com
www.collectionstopper.com
_____/

## COMPLAINT AND DEMAND FOR JURY

NOW COMES Plaintiff, DAVE PETERSON on behalf of himself and others similarly situated, by and through counsel, The Law Offices of Brian Parker, PC, brings this action against the above listed Defendants, JACOB LAW GROUP, PLLC also d/b/a JACOB COLLECTION GROUP ("Defendant") and MICHAEL A. JACOB ("Jacob") on the grounds set forth herein:

### I. PRELIMINARY STATEMENT

Plaintiff brings this action for damages and injunctive relief based upon the Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq* and the Michigan Occupational Code ("MOC"), M.C.L.§ 339.901 *et seq.*

## II. PARTIES

1.

The plaintiff, David K. Petersen is a natural person and consumer, a resident of Ludington, Mason County, State of Michigan, and a "consumer" as defined by the FDCPA. Mr. Petersen is a consumer, debtor and person as the terms are defined under the MOC.

2.

The defendants are debt collectors under 15 U.S.C. § 1692a(6) and MCLA 339.901 (b) with a resident agent located in the State of Michigan. Defendant is a collection agency and a member of the Association of Credit and Collection Professionals (ACA International).

3.

Defendant Jacob is a debt collection attorney practicing debt collection law in the State of Mississippi with membership as the sole attorney in Defendant Jacob Law Group, PLLC and Jacob Collection Group.

## III. JURISDICTION AND VENUE

4.

This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

## IV. STATUTORY STRUCTURE

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

11.

The Michigan Occupational Code (MOC), MCLA 339.901 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

12.

A "Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another arising out of an expressed or implied agreement. A collection agency shall include a person representing himself or herself as a collection or repossession agency, or a person performing the activities of a collection agency, on behalf of another, which are regulated by this act. A collection agency shall also include a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency also includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim. MCLA 339.901 (b).

13.

A "Consumer" or "debtor" means a natural person obligated or allegedly obligated

to pay a debt. MCLA 339.901 (f).

14.

A "creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal shall not include a person who receives an assignment or transfer of a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of this article. MCL 339.901(e).

15.

Prohibited acts by debt collectors or collection agencies under MCL 339.915 include:

(a) Communicating with a debtor in a misleading or deceptive manner.

(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing.

## V. FACTUAL ALLEGATIONS

16.

On July 13, 2010, Defendants sought money from Plaintiff for a Loews Consumer debt by communicating with Mr. Petersen through a collection letter on the letterhead of Defendant Jacob Law Group, PLLC, ATTORNEYS AT LAW. **Please see Exhibit 1**.

17.

In the letterhead of the letter, the words "Jacob Law Group, PLLC, ATTORNEYS AT LAW" are in bold typed letters that are larger than the actual message to the consumer in the letter. **Please see Exhibit 1**.

18.

Among other things, the abovementioned letter states that "Please accept this correspondence as notice that Jacob Law Group, PLLC has been retained to collect the above-referenced account, which is presently past due and owing in the amount, indicated above." **Please see attached Exhibit No. 1**.

19.

The letter from Jacob Law Group, PLLC, Attorneys At Law, states that "At this time, no attorney with this law firm has personally reviewed the particular circumstances of your account." However, the letter is signed by Jacob Law Group, PLLC with five actual references to the Jacob Law Group, PLLC in the letter and only one reference to the writer being a debt collector. **Please see attached Exhibit No. 1**.

20.

That the collection letter at **Exhibit 1** from the "ATTORNEYS AT LAW" also states "This communication is an attempt to collect a debt by a debt collector."

21.

That the collection letter at **Exhibit 1** has from the "ATTORNEYS AT LAW" also states that the debtor can "contact an account representative at Jacob Law Group, PLLC to discuss your account, make credit card payment or a check-by-phone payment. The PO Box address on the letter is seemingly goes to the Jacob Law Group as there is no other name, collection office or collection group on the letter even though the PO Box is actually registered to another company not mentioned in the letter, the Jacob Collection Group.

22.

That the Defendants did not need to include the "Jacob Law Group, PLLC, Attorneys at Law" as a letterhead in this communication unless there was the desire scare or mislead the debtor in general and Mr. Petersen specifically to believing that an attorney was involved in the collection of the debt.

23.

That the letter is misleading and deceptive in that the letter gives the impression that it is from an attorney even though it claims to be "an attempt to collect a debt by a debt collector."

24.

That the letter at **Exhibit 1** mentions the words, Jacob Law Group PLLC, five times. That Defendant Michael Jacob is the sole attorney in the debt collection firm Jacob Law Group, PLLC and the only member of the PLLC and is in charge of the FDCPA compliance procedures at Jacob Law Group, PLLC that sent the letter. **Please see Exhibit 2**.

25.

That the Defendants and authors of letter at **Exhibit 1** could have avoided any ambiguity or more than one interpretation of what the letter means to the least sophisticated consumer by simply having the letter derive from and be returned solely to the Jacob Collection Group. Even the Defendants' website has both the law firm and the collection group names on the welcome page. **Please see Exhibit 3**.

26.

That the letter at **Exhibit 1** violates 15 U.S.C. 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt using **Exhibit 1** as mentioned above.

27.

That the letter at **Exhibit 1** violates M.C.L. 339.915(a) by communicating with a debtor in a misleading or deceptive manner using **Exhibit 1** as mentioned above.

## VI. CLASS ACTION ALLEGATIONS

28.

Plaintiff realleges the above pleadings.

29.

Mr. Petersen brings this lawsuit as a class action. Plaintiff tentatively defines the class as all persons who, during the one year prior to the filing of this complaint, were sent letters similar to **Exhibit 1**. Plaintiff may subsequently refine the class definition in light of discovery.

30.

There are two classes.

31.

The FDCPA Class consists of (i) all persons with a Michigan address that have received the collection letter that is in violation of 15 U.S.C. § 1692e(3) and 15 U.S.C. § 1692e(10), (ii) in which a demand for payment of an outstanding balance is made through a letter from Defendants similar to **Exhibit 1**,(iii) in which the demand letter has references to and letterhead from the Jacob Law Group PLLC, ATTORNEYS AT LAW in bold letters and with the letter signed or ended by Jacob Law Group, PLLC even though the letter states it is an attempt to collect a debt by a debt collector and (iv) which letter was sent during the one year period immediately preceding the filing of this complaint and the date of class certification; and

32.

The MOC Class consists of (I) all persons with a Michigan address that have received the letter that violates MCL 339.915 (a) and MCL 339.915 (e) (ii) in which a demand for payment of an outstanding balance is made through a letter from Defendants similar to **Exhibit 1**,(iii) ) in which the demand letter has references to and letterhead from the Jacob Law Group PLLC, ATTORNEYS AT LAW in bold letters and with the letter signed or ended by Jacob Law Group, PLLC even though the letter states it is an attempt to collect a debt by a debt collector and (iv) which letter was sent during the four year period immediately preceding the filing of this complaint and the date of class certification

33.

On information and belief, and based in part on Defendants' collection data base as specializing in "national debt collection" for Loews and Wal-Mart, each class is so numerous that for each class, joinder of all members is impracticable.

34.

There are questions of law and fact common to each class, which common issues predominate over any issues involving only individual class members. The principal and common issue is whether Defendants' conduct in connection with the mailing of **Exhibit 1** and similar letters to consumers violates the FDCPA and/or MOC.

35.

There are no individual questions, other than whether the class member received one of the offending letters, which can be determined by a ministerial inspection of the records and collection notes of Defendants.

36.

Plaintiff will fairly and adequately protect the interests of the class. Mr. Petersen is

committed to vigorously litigating this matter. He is greatly annoyed at being the victim of Defendants' illegal practices and wishes to see that the wrong is remedied. To that end, he has retained counsel experienced in litigating the FDCPA, MOC, consumer advocacy and class claims. Neither Mr. Petersen or his counsel have any interests which might cause them to not vigorously pursue this claim.

37.

Plaintiff's claim is typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

38.

A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the consumers who receive **Exhibit 1** undoubtedly have no knowledge that their rights are being violated by illegal collection practices. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are $1,000. Management of this class claim is likely to present significantly fewer difficulties than those presented in many class claims, e.g, for securities fraud.

39.

Certification of each class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is appropriate because:

(a) The questions of law and fact common to the members of each class predominate over any questions affecting an individual member: and

(b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

40.

Certification of each class under Rule 23(b)(2) of the Federal Rules of Civil Procedure also is appropriate because Defendants have acted on grounds generally applicable to each class, thereby making declaratory and injunctive relief appropriate with respect to each class as a whole.

41.

Mr. Petersen requests certification of a hybrid class action, combining the elements of FRCP 23(b)(3) for monetary damages and FRCP 23(b)(2) for equitable relief.

## VII. CLAIMS FOR RELIEF

### Count 1-Fair Debt Collection Practices Act

42.

Defendants have violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

a. Defendants violated 15 U.S.C. 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt using **Exhibit 1** as mentioned above;

b. Defendants violated 15 U.S.C. 1692e(3) by the false representation or implication that any individual is an attorney or that any communication is from an attorney by using **Exhibit 1** as mentioned above; and

c. Defendants violated 15 U.S.C. 1692e(10) with the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer with the use of **Exhibit 1** as mentioned above.

**Wherefore**, plaintiff seeks judgment against Defendants for:

a. Statutory damages for Mr. Petersen in the amount of $1,000.00 pursuant to 15

U.S.C. 1692k(a)(2)(A) and (B);

b. Statutory damages for the members of the FDCPA Class, *pro rata,* in the amount of the lesser of $500,000.00 or one percent centum of the net worth of Defendants pursuant to 15 U.S.C. 1692k(a)(2)(B);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

d. Such further relief as the court deems just and proper.

### Count 2-Michigan Occupational Code

43.

Defendants have violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a. Defendants violated M.C.L. 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt using **Exhibit 1** as mentioned above;

b. Defendants violated M.C.L. 339.915(a) communicating with a debtor in a misleading or deceptive manner using **Exhibit 1** as mentioned above.

**Wherefore**, plaintiff seeks judgment against Defendants for:

a. Statutory damages for Ms. South in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 339.916;

b. Statutory damages for each member of the MOC Class in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 339.916, and without regards to defendant's net worth;

c. Equitable, declaratory and injunctive relief pursuant to M.C.L. 339.916, including but not limited to, a declaration that defendant's debt collection practices violated

the MOC, as well as an injunction, enjoining Defendants from using **Exhibit 1** letters which violates Michigan law; and

d. Reasonable attorney's fees and court cost pursuant to M.C.L. 339.916.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 12th day of April, 2011.

Respectfully submitted,

      s/Brian P. Parker
BRIAN P. PARKER (P48617)
Attorney for Plaintiff
30600 Telegraph Road, Suite 1350
Bingham Farms, MI 48025
(248) 642-6268
lemonlaw@ameritech.net